## Seder v. Seder, Appellant.

Argued September 28, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*James Dessen,* with him *Samuel T. Kaplan,* for appellant.

*Harry J. Gerber,* for appellee.

OPINION BY RHODES, P. J., March 21, 1949:

This is an action in divorce in which the husband in his libel (complaint) set forth as grounds for divorce cruel and barbarous treatment and indignities to his person, and the date of final separation was fixed as April 19, 1946. A master was appointed who heard the testimony of the parties and their witnesses, and thereafter in his report he recommended that a divorce be granted on the ground of indignities to the person. Exceptions filed by the respondent to the master's report were dismissed, and the court below granted libellant a divorce on that ground. Respondent has appealed from the decree granting a divorce to her husband.

The parties were married in Philadelphia on August 25, 1934. At that time libellant was 26 years of age and the respondent was 29 years of age, and both were residing in the City of Philadelphia. After their marriage they continued to reside in Philadelphia until their final separation in April, 1946. No children were born of the union. It is obvious from the voluminous record that their marital troubles began shortly after their marriage in 1934 and continued until the separation. Respondent worked prior to their marriage and continued to work during their married life. Respondent, to a certain extent, attempted to finance libellant in business, but she was keenly disappointed in his failure to make a greater financial success of his undertakings. It was in this connection that her hostility seems to have been first manifested. About three years after their marriage, libellant left respondent due to her vile language, name calling and abusive conduct. Libellant returned at respondent's request and resumed cohabi-

tation, but after a short time her conduct became the same as before the separation. In 1943 there was another separation brought about by respondent's accusations, vile epithets, and continued neglect. The final separation occurred in April, 1946. Previous thereto conditions became progressively worse. She continually accused him of infidelity and of improper associations with other women. She threw a knife at him, and she threatened to asphyxiate him and herself. It would serve no purpose to enumerate the opprobrious names which she used toward libellant; they were mostly of the usual type, and they were used with great frequency. See *Stauffer v. Stauffer*, 154 Pa. Superior Ct. 505, 36 A. 2d 183. She admitted that she constantly accused her husband of running around with other women; and such accusations were often made in the presence of others. The testimony does not disclose any basis for the charges. Libellant, because of respondent's course of conduct, was obliged to obtain medical attention.

After the master had filed his report, respondent presented a petition to the court below to have the case again referred to the master so that she might be afforded the opportunity to establish as a fact that libellant had been living in adultery. The evidence produced, even if we assume its relevancy and competency, was insufficient to establish the charge as to libellant's conduct which related to a time subsequent to the final separation of the parties.

Respondent's categorical denials of virtually every incident to which libellant and his witnesses testified is not convincing; nor are we impressed with her testimony that her conduct toward libellant on all occasions was exemplary.

We are convinced that respondent habitually called libellant vile names, insulted him, and humiliated him in public, accused him of infidelity, inflicted physical injury upon him, and disclosed a manifest disdain and

settled hate toward him. This conduct was not confined to the times when they were alone, but it occurred in the presence of others. Libellant was corroborated by the testimony of those who observed such conduct on the part of the respondent. Her repeated acts in this respect constituted a course of conduct such as to render libellant's condition intolerable and his life burdensome.

The master concluded that respondent's testimony was incredible, and that the testimony of libellant and his witnesses was worthy of belief. As to the credibility of the testimony of the parties and their witnesses, the report of the master, who had the advantage of seeing and hearing the witnesses, while not controlling upon this court is entitled to the fullest consideration. *Briggs v. Briggs,* 145 Pa. Superior Ct. 460, 463, 21 A. 2d 415; *Smith v. Smith,* 157 Pa. Superior Ct. 582, 585, 43 A. 2d 371.

From our independent examination of the record we conclude, as did the court below, that libellant is entitled to a divorce on the ground of indignities.

Decree of the court below is affirmed.